# EXHIBIT A



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169
Case 2:23-cv-03054-PD   Document 1-5   Filed 08/09/23   Page 2 of 14



Robert Young

-VS-

Southeastern Pennsylvania Transporation Authority, et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County - Civil

**CASE NUMBER** 230501143

*Filed and Attested by the Office of Judicial Records 11 JUL 2023 09:49 am G. IMPERATO*

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #** CS198400.01
**Reference Number**

James Davis, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 6/14/2023 we received the **Praecipe to Reinstate Civil Action Complaint, Reinstated Civil Action Complaint** and that service was effected upon **National Railroad Passenger Corporation** at **2955 Market Street, Philadelphia, PA 19104** on **07/10/2023** at **9:41 AM**, in the manner described below:

**By service upon:** Melissa Daly, Claims Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Female**    Race/Skin: **White**    Age:    Weight:    Height: **5ft4in - 5ft8in**    Hair: **Blonde**    Glasses: **Yes**    Other:

Service Notes:

**Process Server/Sheriff** _[signature]_

I verify that the statements made in this affidavit are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

ATTEMPTS:
06/15/2023 02:33 PM 2955 MARKET STREET, PHILADELPHIA, PA 19104 NO AUTHORIZED PERSON AVAILABLE.: CUSTOMER SERVICE CALLED UP TO THE  CLAIM'S DEPARTMENT, N/A.
06/20/2023 01:18 PM 2955 Market Street, Philadelphia, PA 19104 NO AUTHORIZED PERSON AVAILABLE.
06/23/2023 10:21 AM 2955 Market Street, Philadelphia, PA 19104 NO AUTHORIZED PERSON AVAILABLE.
06/29/2023 03:32 PM 2955 Market Street, Philadelphia, PA 19104 NO AUTHORIZED PERSON AVAILABLE.

Client    Phone (215) 665-1100    **Reinststed:** 06/13/2023    **Filed Date:** 05/10/2023    **BR Serve By:** 07/11/2023

David B. Sherman, Esquire
Solomon, Sherman & Gabay
Suite 2200, 8 Penn Center
1628 John F. Kennedy Boulevard
Philadelphia, PA  19103



ORIGINAL

Case ID: 230501143

SOLOMON, SHERMAN & GABAY
DAVID B. SHERMAN, ESQUIRE
Identification No.:36437
8 Penn Center
1628 J.F.K. Boulevard
Suite 2200
Philadelphia, PA  19103
(215)665-1100



Filed and Attested by the
Office of Judicial Records
13 JUN 2023 09:05 am
S. RICE

Attorney for Plaintiff

|  |  |
|---|---|
| ROBERT YOUNG | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | MAY TERM, 2023 |
| SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY and<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION a/k/a AMTRAK and<br>ABC COMPANIES and JOHN DOES<br>and/or JANE DOES | NO.  1143 |

## PRAECIPE TO REINSTATE COMPLAINT

**TO THE PROTHONOTARY:**

Kindly reinstate the Complaint in the above-entitled matter.

/s/ DAVID B. SHERMAN
DAVID B. SHERMAN, ESQUIRE
Attorney for Plaintiff

RECEIVED
AMTRAK
Emailed
NB          07/10/2023
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER
GENERAL COUNSEL & CORPORATE SECRETARY

RECEIVED
AMTRAK CLAIMS DEPARTMENT
JUL 1 0 2023
via hand delivery
PHILADELPHIA, PA

Case ID: 230501143

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2023**

E-Filing Number: 2305025299

**01143**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>ROBERT YOUNG | **DEFENDANT'S NAME**<br>SOUTHEASTERN PENNSYLVANIA TRANSPORATION AUTHORITY |
| **PLAINTIFF'S ADDRESS**<br>1915 N. 27TH STREET - APT. G<br>PHILADELPHIA PA 19121 | **DEFENDANT'S ADDRESS**<br>1234 MARKET STREET<br>PHILADELPHIA PA 19107 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>NATIONAL RAILROAD PASSENGER CORPORATION, ALIAS: AMTRAK |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>30TH STREET STATION<br>PHILADELPHIA PA 19104 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>ABC COMPANIES |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>UNKNOWN<br>UNKNOWN PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | | |
|---|---|---|---|---|---|
| 1 | 5 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

MAY 10 2023

**G. IMPERATO**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ROBERT YOUNG

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DAVID B. SHERMAN | 8 PENN CENTER<br>1628 JFK BOULEVARD<br>SUITE 2200 |
| **PHONE NUMBER**<br>(215)665-1100 | **FAX NUMBER**<br>(215)665-8471 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>36437 | **E-MAIL ADDRESS**<br>tdicostanza@solomonsherman.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>DAVID SHERMAN | **DATE SUBMITTED**<br>Wednesday, May 10, 2023, 12:04 pm |

Case ID: 230501143

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. SOUTHEASTERN PENNSYLVANIA TRANSPORATION AUTHORITY
    1234 MARKET STREET
    PHILADELPHIA PA 19107
2. NATIONAL RAILROAD PASSENGER CORPORATION
    ALIAS: AMTRAK
    30TH STREET STATION
    PHILADELPHIA PA 19104
3. ABC COMPANIES
    UNKNOWN
    UNKNOWN PA 19102
4. JOHN DOES
    UNKNOWN
    UNKNOWN PA 19103
5. JANE DOES
    UNKNOWN
    UNKNOWN PA 19103

Case ID: 230501143

| | |
|---|---|
| SOLOMON, SHERMAN, GABAY, BRISKIN & SHERMAN<br>DAVID B. SHERMAN<br>Identification No. 36437<br>8 Penn Center<br>1628 J.F.K. Boulevard<br>Suite 2200<br>Philadelphia, PA 19103<br>(215) 665-1100 | Filed and Attested by the Office of Judicial Records 13 JUN 2023 09:05 am S. RICE<br><br>This is a Major Case.<br>Jury Trial is Demanded.<br><br>**Attorneys for Plaintiff** |

| | |
|---|---|
| ROBERT YOUNG<br>1915 N. 27th Street – Apt. G<br>Philadelphia, PA 19121 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | TERM, 2023 |
| SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY<br>1234 Market Street<br>Philadelphia, PA 19107<br>  and<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION a/k/a AMTRAK<br>30th Street Station<br>Philadelphia, PA 19104<br>  and<br>ABC COMPANIES (fictitious designation of partnerships, proprietorships, and/or corporations who owned and/or controlled of the property at issue)<br>  and<br>JOHN DOES and/or JANE DOES (fictitious designation of individual(s) who owned and/or controlled of the property | NO. |

## NOTICE TO DEFEND

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with this court your defenses objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVER A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGALHELP.**<br>**PHILADELPHIA BAR ASSOCIATION LAWYER REFERENCE SERVIE**<br>**ONE READING CENTER**<br>**PHILADELPHIA, PA 19107**<br>**(215) 238-1701** | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede dedidir a favor del demandante y require que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**<br>**ASOCIACION DE LICENCIADOS DE FILADELFIA**<br>Servicio De Referencia E Informacion Legal<br>**One Reading Center**<br>**Filadelfia, PA 19107**<br>**Telefono: (215) 238-1701** |

## CIVIL ACTION COMPLAINT
### 2S Premises Liability

1. Plaintiff, Robert Young, is an adult individual residing at the above-listed address.

2. Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter referred to as "SEPTA"), is a state agency with a principle place of business at 1234 Market Street, Philadelphia, PA 19107.

3. Defendant National Railroad Passenger Corporation a/k/a Amtrak (hereinafter referred to as "Amtrak"), is a federal and/or state agency and/or corporation and/or similar business entity with a place of business and/or offices located at the above-stated address.

4. Defendants, ABC Companies, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were partnerships, proprietorships, and/or corporations operating in the Commonwealth of Pennsylvania who owned, controlled, repaired, maintained and possessed the property at issue.

5. Defendants, John Does and/or Jane Does, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were individuals who owned, controlled, repaired, maintained and possessed the property at issue

6. At all times relevant hereto, Defendants, jointly and severally, owned, operated, controlled, repaired, possessed and maintained the premises where Plaintiff fell in the incident to be described more fully hereinafter.

7. At all times relevant hereto, Defendants, jointly and severally owned, operated, maintained, repaired, controlled, and were otherwise responsible for the condition, maintenance and construction of the area where the incident to be described hereinafter occurred.

8. At all times pertinent hereto, all of the acts and omissions of Defendants were

committed by the Defendant and/or through its agents, workmen, servants and/or employees and/or by other with whom the Defendant had control or authority.

9. On or about December 8, 2021, Plaintiff, Robert Young, was lawfully traversing the platform at Defendants' Bridesburg Train Station in the City and County of Philadelphia, Commonwealth of Pennsylvania, when suddenly and without warning he was caused to fall when his cane became stuck in a hole existing in the platform at the location as stated aforesaid.

10. As a result of the negligence of the Defendant as aforesaid, Plaintiff was caused to sustain severe personal injuries.

11. The aforementioned incident was caused by the negligence of the Defendants and did not result from an act or omission of the Plaintiff.

12. At all times pertinent hereto, the Defendants owned, operated, maintained, controlled, possessed, repaired, and were responsible for conditions at the aforesaid location.

## COUNT I
## ROBERT YOUNG v. ALL NAMED DEFENDANTS

13. Plaintiff, Robert Young, hereby incorporates by reference paragraphs 1 through 12 as though same were fully set forth at length herein.

14. The aforementioned dangerous and defective condition existing at the aforesaid premises had existed long enough for Defendants to have had actual and/or constructive notice of the dangerous defect(s).

15. The dangerous and defective condition existing at the aforesaid premises was created by Defendants and therefore Plaintiff need not prove actual or constructive notice of the same.

16. In addition to being defective, the area was inherently dangerous, such that the area itself created a dangerous and defective condition.

17. Defendants are liable for the injuries and damages suffered by the Plaintiff.

18. Defendants had sufficient opportunity to eliminate, abate, resolve and/or correct the dangerous condition existing on the property so as to prevent and/or minimize the aforesaid dangerous condition.

19. The aforesaid incident was a direct and proximate result of the negligence and carelessness of Defendants through their agents, servants, workmen and/or employees.

20. The servants, agents, workmen and/or employees of Defendants who owned, operated controlled, maintained, repaired and possessed the premises knew of the dangerous condition which caused the aforesaid incident.

21. The negligence and carelessness of Defendants, by and through their agents, servants, workmen and/or employees acting in the course and scope of their employment, included, but was not limited to the following:

(a) Allowing the area where Plaintiff was injured to remain in a defective and dangerous condition;

(b) Allowing the area where Plaintiff fell to be inherently dangerous and defective;

(c) Failing to post barricades and warnings to secure the area while the area was defective which would have prevented patrons, such as Plaintiff from being injured;

(d) Failing to inspect and maintain the area where Plaintiff was injured;

(e) Failing to properly construct or otherwise maintain the area where Plaintiff fell;

(f) Allowing and permitting said dangerous and hazardous conditions on the sidewalk where Plaintiff was injured to remain for an unreasonable amount of time in said

condition, thereby causing and allowing a hazardous and dangerous condition to exist which condition caused a dangerous trap and menace to those persons walking thereon, one of whom was Plaintiff;

(g) Failing to use discretion in selection of its employees and/or agents who should have been knowledgeable and qualified in that said employees would have known that their jobs should have included properly constructing, inspecting and properly maintaining, barricading and placing warning signs, and taking all steps to make the parking lot area safe where Plaintiff was injured;

(h) Failing to properly instruct its employees on the proper manner of constructing and maintaining said area;

(i) Failing to properly maintain said area in a condition which would protect and safeguard persons traversing upon the said area, one of which was Plaintiff;

(j) Failing to use good and reasonable judgment in employing, hiring, and supervising their employees and employees' conduct;

(k) Failing to maintain a reasonable schedule for inspecting the area where Plaintiff was injured;

(i) Failing to provide a safe pathway;

(j) Failure to warn;

(k) Failing to provide a safe alternative pathway for pedestrians such as Plaintiff traversing the location;

(l) Failing to cordon off the dangerous and defective condition;

(m) Failing to use the ordinary care which the general public has a right to expect of property owners;

(n) Violating various Statutes of the Commonwealth of Pennsylvania and/or Ordinances, Industry Code standards, including but not limited to Federal Codes, State Codes, City Codes, County Codes and/or Ordinances and/or State Statutes and/or Federal Statutes with regard to keeping the area where Plaintiff was injured in a safe condition;

(o) Other negligence and carelessness as will be ascertained throughout discovery;

(p) Being otherwise negligent at law;

(q) Failure to cordon off the dangerous condition;

(r) Failure to repair;

(s) Failure to make reasonable inspections;

(t) Failure to cure, correct, maintain and repair the dangerous and defective conditions.

22. As a result of the aforesaid accident, Plaintiff was caused to sustain serious personal injuries to his head, neck, back and surrounding areas, and other injuries both known and unknown, all of which have caused and may further cause in the future great pain and suffering and agony and a deprivation of his normal mode of living and a loss of earnings and/or earning power.

23. As a further result of the aforesaid accident and injuries, the Plaintiff has suffered permanent injury, serious impairment of a bodily function and disability as well as embarrassment, humiliation and loss of life's pleasures.

24. As a result of the aforesaid injuries, the Plaintiff has incurred medical and other expenses in treating himself and may be obliged to incur additional expense in the future.

25. Plaintiff is entitled to make a claim since there is an excess of $1,500.00 in

medical expenses and suffered a permanent impairment of a bodily function.

WHEREFORE, Plaintiff, Robert Young, demands judgment against Defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

BY: _____
DAVID B. SHERMAN, ESQUIRE
Attorneys for Plaintiffs

## VERIFICATION

I, ROBERT YOUNG, hereby verify that the statements made in the foregoing Civil Action Complaint, are true and correct to the best of my information, knowledge and belief after reasonable inquiry. I understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

*[signature]*
ROBERT YOUNG